# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, | ) | |
|     Plaintiff, | ) | C.A. No. 13-1318 Pittsburgh |
| | ) | |
| vs. | ) | |
| | ) | Chief Judge Conti |
| CFSM WAYNE CHRISTOPHER, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.     REPORT**

**A.     Relevant Procedural History**

Plaintiff Jordan Heath filed this *pro se* civil rights action on September 10, 2013. On October 24, 2013, this Court issued an Order directing Plaintiff to provide USM-285 form service instructions to the United States Marshal for each Defendant so that Defendants can be properly served with the complaint in this matter [ECF No. 7].

On March 26, 2014, this Court received a letter from the U.S. Marshal indicating that the required service instructions were never provided by Plaintiff in accordance with this Court's Order [ECF No. 16]. As a result, this Court issued a Show Cause Order directing Plaintiff to provide the Marshal with the necessary service instructions, and to file a notice of change of address with this Court, on or before April 28, 2014 [ECF No. 17]. Plaintiff was further advised that his failure to comply with said Order would result in this Court's recommendation that this case be dismissed. To date, Plaintiff has failed to provide the required service instructions and

1

Defendants remain unserved.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 26, 2014

cc: The Honorable Joy Flowers Conti
Chief United States District Judge